UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY JONES,<br><br>     Petitioner,<br><br>  v.<br><br>ROBERT CHETIRKIN and THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br>     Respondents. | Civil Action No. 24-11459 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

  Before the Court is Respondents' motion to dismiss ("Motion") *pro se* Petitioner Larry Jones' ("Petitioner") petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 as second or successive.[1] (ECF No. 9.) Petitioner, an individual confined at East Jersey State Prison in Rahway, New Jersey, filed a "motion for stay of the filing of his reply" to seek Third Circuit approval before filing a second successive petition. (ECF No. 14.) The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons expressed below, Respondents' Motion is **GRANTED**, Petitioner's motion for stay is **DENIED**, and the Petition is **dismissed with prejudice**, and no certificate of appealability shall issue.

**I.  BACKGROUND**

  In 1986, Petitioner was convicted of "murder, N.J.S.A. 2C:11-3(a)(1) and/or 2C:11-3(a)(2); felony murder, N.J.S.A. 2C:11-3(a); four counts of first-degree robbery, N.J.S.A. 2C:15-

---

[1] In addition to the Petition being second or successive, Respondents argue that the grounds for relief in the Petition are time-barred. (*See generally* ECF No. 9.)

1; four counts of kidnapping, N.J.S.A. 2C:13-1(b)(1); unlawful possession of a handgun for unlawful purposes, N.J.S.A. 2C:39-4; and possession of a handgun without a permit, N.J.S.A. 2C:39-5(b)." *State v. Jones*, A-2714-17T4, 2019 WL 2305169 at *1 (N.J. App. Div. May 30, 2019). On November 14, 1986, Petitioner was sentenced to an aggregate term of life in prison, with 30 years of parole ineligibility. (*Jones v. Ortiz*, Civ. No. 05-5088, ECF No. 16 at 7.) The Appellate Division stated that Petitioner's sentence was as follows:

> [Petitioner] was sentenced to a thirty-year term of incarceration without parole eligibility for the murder conviction; four concurrent twenty-year sentences on the robbery convictions, with a ten-year parole ineligibility period, to run consecutively to the murder sentence; four concurrent thirty-year sentences on the kidnapping convictions, with a fifteen-year parole ineligibility, to run consecutively to the murder conviction; and a four-year concurrent term for possession of a weapon without a permit. The sentences were consecutive to the prison time defendant was already serving in another state.

*Jones*, A-2714-17T4, 2019 WL 2305169 at *1.

Petitioner filed a notice of appeal, and on May 19, 1989, the Appellate Division affirmed Petitioner's conviction and sentence. (*Jones*, Civ. No. 05-5088, ECF No. 16 at 7.) On a recent appeal, the Appellate Division summarized Petitioner's direct appeal as follows:

> [Petitioner] appealed his convictions and sentence, presenting numerous arguments, including a contention that the imposed sentence was "manifestly excessive." [*State v. Jones*, No. A-1776-86 at 3 (App. Div. May 19, 1989)] In addressing that argument, [the court] held: "Our review of the record satisfies us that the sentence was within the guidelines of *State v. Yarbough*, 100 N.J. 627, 644 (1985) . . . and did not constitute a mistaken exercise of sentencing discretion." *Id.* at 13.

*Jones*, A-2714-17T4, 2019 WL 2305169 at *1. On October 31, 1989, the New Jersey Supreme Court denied Petitioner's petition for certification. *State v. Jones*, 118 N.J. 210 (1989). The New Jersey Supreme Court denied reconsideration on December 7, 1989. (*Jones*, Civ. No. 05-5088, ECF No. 16 at 7.)

Following the denial of his direct appeal, Petitioner filed five petitions for post-conviction relief ("PCR") before filing his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in October 2005. On February 28, 2007, the Honorable Dennis M. Cavanaugh, United States District Judge (ret) ("Judge Cavanaugh") denied Petitioner's first habeas petition, summarizing Petitioner's PCR history at that time as follows:

> Petitioner embarked on a series of collateral challenges to the conviction in state court. Petitioner filed his first state-court petition for post-conviction relief (PCR) on or about March 12, 1990. The trial court denied relief on April 18, 1990. The Appellate Division affirmed the denial of relief on March 26, 1992. The Supreme Court of New Jersey denied certification on June 25, 1992. *State v. Jones*, 130 N.J. 16 (1992).
>
> Petitioner filed his second state PCR petition on or about January 7, 1994. The trial court denied relief on June 20, 1994. The Appellate Division affirmed the denial of relief on May 19, 1997, holding that the petition was clearly barred by New Jersey Court Rules 3:22-5 and 3:22-12. [] The Supreme Court of New Jersey denied certification on June 30, 1998.
>
> Petitioner filed his third state PCR petition on June 7, 1999. The trial court denied relief on June 17, 1999. On October 29, 2001, the Appellate Division affirmed the denial of relief, finding the petition barred by Rules 3:22-4, 3:22-5, and 3:22-12. [] On March 8, 2002, the Supreme Court of New Jersey denied certification. *See State v. Jones*, 171 N.J. 443 (2002).
>
> Petitioner filed his fourth state PCR petition on April 11, 2002. The trial court denied relief on October 2, 2002, and denied reconsideration on December 13, 2002. The Appellate Division affirmed the denial of relief on May 2, 2003, finding the petition barred by Rules 3:22-4 and 3:22-12. [] Petitioner apparently did not petition for certification.
>
> . . .
>
> Petitioner filed his fifth state PCR petition. On May 28, 2003, the trial court denied relief. On November 19, 2004, the Appellate Division affirmed the denial of relief, finding the petition barred by Rule 3:22-12. [] On March 1, 2005, the Supreme Court of New Jersey denied certification. *See State v. Jones*, 183 N.J. 213 (2005).

(*Jones*, Civ. No. 05-5088, ECF No. 16 at 7-10 (citations omitted).)

In October 2005, Petitioner filed his first petition for writ of habeas corpus. (*Jones*, Civ. No. 05-5088, ECF No. 1.) Petitioner raised the following ten claims:

3

1. The state courts erred in denying Petitioner's first and second PCR petitions as untimely.

2. The Chicago police improperly interrogated Petitioner, after indictment, without counsel and under improper conditions including no *Miranda*[2] warnings, being handcuffed, and being denied food and water, phone calls, and bathroom privileges.

3. Chicago and New Jersey law enforcement officers withheld Chicago police reports stating the Petitioner did not confess to the New Jersey murder, which Petitioner obtained in 1999.

4. The Chicago police falsely testified that Petitioner had confessed to them or, alternatively, they beat a confession out of him, as evidenced by the fact that the Governor of Illinois found that these same officers had "poisoned" capital murder cases in Illinois by torturing suspects to obtain confessions.

5. The state procured the perjured testimony of several witnesses.

6. The pre-trial identification procedures were unduly prejudicial.

7. Ineffective assistance of trial counsel, withholding of evidence, and due process violations at trial as evidenced by the fact that a juror removed by a defense peremptory challenge remained on the jury.

8. Sentencing error in the weighing of aggravating and mitigating factors by the judge.

9. A manifestly excessive sentence.

10. Chicago police improperly made him stand in lineups related to 33 Chicago robberies without counsel.

(*See Jones*, Civ. No. 05-5088, ECF No. 16 at 7-10 (citations omitted); *see also generally* ECF Nos. 1, 1-2, 1-3.) On February 28, 2008, Judge Cavanaugh dismissed Petitioner's first § 2254 petition as untimely. (*Id.*, ECF No. 16 at 22.) The Third Circuit Court of Appeals denied Petitioner's request for a certificate of appealability on August 17, 2007. (*Id.*, ECF No. 19.)

According to the Appellate Division, Petitioner subsequently filed a sixth PCR petition. *See Jones*, A-2714-17T4, 2019 WL 2305169 at * 1. The Appellate Division noted that Petitioner "assert[ed] errors in the jury instructions and polling procedure of the jury, and present[ed] a

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

4

'[m]otion [t]o [c]orrect [a]n [i]llegal [s]entence [c]onviction.'" *Id.* The Appellate Division summarized the trial judge's denial of Petitioner's sixth PCR petition as follows:

> The trial judge found [Petitioner's] claims, other than the illegal sentence assertion, were time barred as he did "not assert any claim that ha[d] occurred within one year," and procedurally barred. *See* R. 3:22-12; R. 3:22-4. Although Petitioner's illegal sentence argument was not time barred, the judge concluded it was procedurally barred because it had been previously considered, and rejected, in his direct appeal. Because the illegal sentence claim was already adjudicated, the judge determined defendant was estopped from raising it again.

*Id.*

On May 30, 2019, the Appellate Division affirmed the denial of his sixth PRC petition, finding Petitioner's claims of errors in the jury instruction and polling procedure and ineffective assistance of all prior counsel because they "failed to prevent the imposition of his 'death sentence'" were all untimely and barred under Rule 3:22-4. *Id.* at * 2. The Appellate Division found Petitioner's claim that he was "illegally and incorrectly subject to the penalty-phrase proceeding of N.J.S.A. 2C:11-3(c) and . . . was given a 'life sentence through that process from a death qualified jury" was meritless, as his sentence was in the "authorized range" and not "illegal." *Id.* at * 2-3. Finally, the court found that "to the extent [Petitioner] [was] arguing the excessiveness of his sentence, [the court] found that contention meritless on direct appeal." *Id.* at *3, fn.3. On June 5, 2020, the New Jersey Supreme Court denied Petitioner's motion for leave to file a petition for certification "as within time" and dismissed the petition. (ECF No. 9-4 at 6.)

According to the Appellate Division, Petitioner then filed a motion to change his sentence. *State of New Jersey v. Jones*, A-1400-21, 2023 WL 6153670 at *1 (N.J. App. Div. Sept. 21, 2023). On September 21, 2023, the Appellate Division affirmed the trial court's denial of Petitioner's motion, ruling as follows:

> We affirm for the reasons stated in the trial court's opinion, adding only the following comments. "[A]n illegal sentence is one that 'exceeds the maximum penalty provided in [the New Jersey Code of Criminal Justice, N.J.S.A. 2C:1-1 to

5

> 2C:104-9] for a particular offense' or a sentence 'not imposed in accordance with law.'" *State v. Acevedo*, 205 N.J. 40, 45 (2011) (quoting *State v. Murray*, 162 N.J. 240, 247 (2000)).
>
> [Petitioner] was sentenced on the murder conviction to prison for life, with a mandatory parole ineligibility period of thirty years. Because this sentence was in the authorized range for the crime of which [Petitioner] was convicted, his sentence was not illegal.
>
> Nor is there any merit to [Petitioner's] argument that his sentence was disparate to others. [Petitioner] urges this court to overturn his sentence as the Supreme Court did in *State v. Torres*, 246 N.J. 246 (2021). However, the Court's decision in *Torres*, issued decades after [Petitioner's] convictions and sentence, bears no relationship to the sentence imposed on defendant. Torres was not a co-defendant, and he was convicted of different and less serious crimes.

*Jones*, A-1400-21, 2023 WL 6153670 at *1-2. Petitioner submits that the New Jersey Supreme Court denied Petitioner's petition for certification on January 23, 2024. (ECF No. 1 at 7.)

In December 2024, Petitioner filed the instant Petition, his second § 2254 Petition. (ECF No. 1.) In the Petition, Petitioner raised the following claims: (1) the trial court erred by failing to merge Petitioner's convictions for kidnapping and robbery into his murder conviction; (2) sentencing disparity between Petitioner, *State v. Torres*, 246 N.J. 246 (2021), and *State v. Yarbough*, 100 N.J. 627 (1985), which denied Petitioner his due process and equal protection rights, and violates the goal of uniformity and fundamental fairness; and (3) the trial judge and prosecutor changed Petitioner's second degree kidnapping charge to a first degree kidnapping charge after the jury's verdict. (*See id.* at 5-8; *see also* ECF No. 1-1 at 7-30.)

Respondents subsequently filed the instant Motion, arguing that the Petition is untimely and is a second or successive petition. (ECF No. 9.) On July 16, 2025, the Court granted Petitioner a thirty-day extension of time to file a reply to the Motion. (ECF No. 13.) Rather than file a reply, Petitioner filed a "motion for a stay of the filing of his reply," to allow Petitioner time to seek approval from the Third Circuit before filing a second or successive petition. (ECF No. 14.) The matter is now ripe for decision.

6

## II. STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

Respondents argue in their Motion that this matter presents a second or successive habeas petition filed without leave of the Court of Appeals, and that Petitioner's habeas petition must be dismissed as a result. (*See* ECF No. 9 at 4, fn. 1.) The Court agrees.

The Antiterrorism and Effective Death Penalty Act limits a district court's jurisdiction over second or successive § 2254 petitions. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Rule 9 of the Rules Governing Section 2254 Cases similarly provides that, "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Absent this authorization, the Court lacks jurisdiction over any second or successive § 2254 petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place").

However, a habeas petition is not a "second or successive" petition merely because it is the second or later in time petition that the petitioner has filed after his initial conviction. *See, e.g., Magwood v. Patterson*, 561 U.S. 320, 332 (2010). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a (1) prior petition has been decided on the merits, (2) the prior and new petitions challenge the same conviction, and (3) the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005).

Here, Judge Cavanaugh denied Petitioner's first § 2254 petition on the merits when he dismissed the claims as time-barred. *See Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013) (unpublished) (explaining that a prior dismissal of a Section 2254 petition as untimely "counts as a ruling on the merits for purposes of 28 U.S.C. § 2244(b)" (citing *Villaneuva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) and *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003))); *Stokes v. Gehr*, 399 F. App'x 697, 699 n.2 (3d Cir. 2010) (unpublished) ("A motion under § 2254 would be

8

'second or successive' because Stokes' first such petition was dismissed as untimely . . . .") Additionally, both Petitioner's prior petition and the instant Petition challenge the same convictions. (*Compare* ECF No. 1 *with* Civ. No. 05-5088, ECF No. 1.) Finally, the Petition raises claims that could have been raised in his first § 2254 petition.

At claim one, Petitioner argues the trial court erred by failing to merge Petitioner's convictions for kidnapping and robbery into his murder conviction. (ECF No. 1 at 5; ECF No. 1-1 at 7-11.) Petitioner would have been aware that his convictions for kidnapping and robbery were not merged when he was sentenced in 1986, well before he filed his first § 2254 petition in 2005.

Claim two raises a sentencing disparity argument. (ECF No. 1 at 7; ECF No. 1-1 at 12-23.) Petitioner argues that the sentencing disparity between himself and the defendants in *Torres*, 246 N.J. 246, and *Yarbough*, 100 N.J. 627, denied Petitioner his due process and equal protection rights. (*Id.*) Although *State v. Torres* is a more recent 2021 New Jersey state court decision, that case addressed the application of the factors laid out in *Yarbough*. *See generally Torres*, 246 N.J. 246. In *Torres*, the New Jersey Supreme Court explained:

> [S]entencing is a holistic endeavor. A court performing the *Yarbough* fairness assessment must be mindful that aggravating and mitigating factors and *Yarbough* factors, as well as the stated purposes of sentencing in N.J.S.A. 2C:1-2(b), in their totality, inform the sentence's fairness. All are relevant to the overall fairness of the aggregate sentence imposed on the sole defendant before the court.

246 N.J. at 272. Here, Petitioner raised a claim on direct appeal challenging his sentences based on *Yarbough,* and the trial court found "his sentence was within the guidelines of *State v. Yarbough*, 100 N.J. 627, 644 (1985) . . . and did not constitute a mistaken exercise of sentencing discretion." *Jones*, A-2714-17T4, 2019 WL 2305169 at *1 (quoting *State v. Jones*, No. A-1776-86 at 13 (App. Div. May 19, 1989)). Additionally, in his first habeas petition, Petitioner raised a sentencing claim, arguing that the sentencing court erred in weighing aggravating and mitigating

9

factors and that his sentence was manifestly excessive. (*Jones*, Civ. No. 05-5088, ECF No. 1-3 at 20-29.) Petitioner raised his excessive sentencing claim in his first habeas petition.

Finally, in claim three, Petitioner argues that the trial judge and prosecutor changed Petitioner's second-degree kidnapping charge to a first-degree kidnapping charge after the jury's verdict. (ECF No. 1 at 8; ECF No. 1-1 at 24-31.) Again, Petitioner would have been aware of any alleged change to his kidnapping charge at the time of his sentencing and at the time of the filing of his first habeas petition. Therefore, Petitioner could have raised this claim previously. Accordingly, the instant Petition is second or successive.

Petitioner's motion to stay the time for him to file a reply to Respondents' motion to dismiss makes it clear that he has not received permission from the Third Circuit to file this second or successive petition. (*See* ECF No. 14.) Because Petitioner has not received permission from the Third Circuit to file his second or successive petition, this Court lacks jurisdiction. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The interests of justice will generally support a transfer of a successive habeas petition to the Court of Appeals only where the petitioner has alleged facts which would be sufficient to bring him within the gatekeeping requirements for the authorization of a successive petition under the habeas statute. *See Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. May 21, 2010). The habeas statute provides that a district court shall dismiss a second or successive habeas corpus petition unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>  (ii) the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Here, Petitioner does not allege facts indicating that the claims presented in his Petition satisfy the gatekeeping requirements of § 2244(b)(2). Petitioner does identify a new rule of constitutional law. Although Petitioner cites *Torres*, decided in 2021, New Jersey courts have held that *Torres* did not create a new rule of law and is therefore not retroactively applied. *See State v. Sharrieff*, 2025 WL 1638229 at * 3 (N.J. App. Div. June 10, 2025) ("the Court in *Torres* did not create a new rule of law, and therefore retroactivity is not applicable . . . [i]nstead, our Court in *Torres* reviewed fundamental sentencing principles and 'reiterate[d] the repeated instruction that a sentencing court's decision whether to impose consecutive sentences should retain focus on 'the fairness of the overall sentence.'"" (citations omitted)); *see also State v. Manso*, 2025 WL 444206 at * 3 (N.J. App. Div. February 10, 2025) ("the *Torres* rule is not retroactive and does not entitle defendant to a resentencing hearing because it does not represent a departure from the existing law.") Petitioner also does not present facts that could not have been discovered previously through the exercise of due diligence. Therefore, the Court finds that it would not be in the interest of justice to transfer the Petition to the Third Circuit as an application for authorization to file a second or successive petition. *See Hatches*, 381 F. App'x at 137. As such, Petitioner's motion for a stay of the time to file his reply brief is denied, and Petitioner's Petition shall be dismissed for lack of jurisdiction.

### IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this

standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court further held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Here, jurists of reason would agree with this Court's conclusion that it lacks jurisdiction over Petitioner's second or successive § 2254 Petition. Consequently, the Court will not issue a certificate of appealability.

V. **CONCLUSION**

For the reasons stated above, Respondents' Motion (ECF No. 9) is **GRANTED**. Petitioner's "motion for stay of the filing of his reply" (ECF No. 14) is **DENIED**. Petitioner's habeas petition is **DISMISSED** *with prejudice* for lack of jurisdiction. A certificate of appealability shall not issue. An appropriate order follows.

**DATED**: January 6, 2026

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge